though the form of it was irregular, yet as "*id certum est quod reddi potest*," it was only necessary to refer to the *pleadings* to make it certain. Taken together, the record and verdict showed the exact sum which the jury meant to find for the plaintiff, and the judgment which was entered under those circumstances is not void. (*James* v. *Wilson*, 7 Tex. 232; *Jackson* v. *Jackson*, 47 Geo. 99; *Lincoln* v. *Lincoln*, 12 Gray, 45.) Having jurisdiction, any error committed by the Court in the exercise of its jurisdiction is not reviewable by *certiorari*. (*Chase* v. *Christianson*, 41 Cal. 253; *Yenawine* v. *Richter*, 43 id. 312.)

Writ dismissed.

Ross and McKINSTRY, JJ., concurred.

-----

[No. 10,782.—In Bank.]
Sept. 15, 1882.

### EX PARTE F. A. WILL.

EXEMPTION FROM JURY SERVICE—MILITIA.—A party who has faithfully served in the organized militia of the State for the space of seven consecutive years, and who has received from the Adjutant-general a certificate to that effect, is exempt from jury duty.

APPLICATION for writ of *habeas corpus*. The petitioner was held under a commitment for contempt by the Superior Court of the City and County of San Francisco (FERRAL, J.), for refusing to serve as a juror.

*Leonidas E. Pratt*, for Plaintiff.

*John H. Dickinson*, for Defendant.

The COURT:

The question in this case is simply whether a party who has faithfully served in the organized militia of the State for the space of seven consecutive years, and who has received from the Adjutant-general a certificate to that effect, is exempt from jury duty?

Section 1936 of the Political Code expressly provides for such exemption, and the petitioner was not liable to jury duty. Let him be discharged.